UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRINCESS PROPERTY, LLC and
BLUESOL BIOMEDICAL, LLC,

               Plaintiff,                          Case Number 26-11170

v.                                              Honorable David M. Lawson

BRADLEY W. CHENOWETH and
RANDY J. PUETZ,

               Defendants.

_____/

## ORDER REMANDING CASE TO STATE COURT

This suit alleging tortious improprieties by the defendants in the handling of the plaintiffs' business dealings was filed in the Wayne County, Michigan circuit court and removed to this Court on April 9, 2026.  In their notice of removal, the defendants alleged that this Court has diversity jurisdiction over the case under 28 U.S.C. § 1332(a).  Upon initial review of the pleadings, the Court found that the notice of removal failed to allege sufficient information about the identity and citizenship of all members of the plaintiff limited liability company entities, and it ordered the defendant to submit additional information substantiating the grounds for their jurisdictional allegations.

Responding to the Court's order, the defendants stated only that, according to the complaint, the members of the plaintiff LLC entities are citizens of states other than the State of Michigan, and that the individual defendants are "residents" of the State of Indiana.  There are two problems with that response: First, the members of the LLC entities have not been named, nor have any details been supplied about whether they are natural persons, corporations, or other LLC or partnership entities.  Moreover, no details about the domicile or other circumstances relevant to determinations of citizenship were disclosed about any members of the LLCs.  Second, as to the

individual defendants, neither their domicile nor their citizenship have been alleged, so the Court also lacks information necessary to determine their citizenship.

It should be evident that "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte.*" *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *see also Capron v. Van Noorden*, 6 U.S. (2 Cranch) 126 (1804) ( "[I]t [is] the duty of the Court to see that they had jurisdiction, for the consent of the parties could not give it."). "[The] lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile." *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir.1996); *see also Her Majesty the Queen in Right of the Province of Ontario*, 874 F.2d 332, 339 (6th Cir.1989).

The determination of subject matter jurisdiction at this stage of the case is driven by these basic points: First, federal district courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests with defendants, as the parties removing the case and asserting federal jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Second, "'[a]ll doubts as to the propriety of removal are resolved in favor of remand.'" *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)), *abrogated on other grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008). Third, although 28 U.S.C. § 1441(b) permits a defendant in a civil action to remove a case originally filed in state courts to a federal district court where there is diversity of citizenship between the parties, federal diversity jurisdiction "exists only when no plaintiff and no defendant are citizens of the same state." *JeromeDuncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)

(citing *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)).

When determining the citizenship of individuals, "citizenship for purposes of 28 U.S.C. § 1332(a) means domicile rather than residence." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). A corporation is deemed to be a citizen of every state "by which it has been incorporated" and where it maintains its "principal place of business." 28 U.S.C. 1332(c)(1). A corporation's principal place of business is its "nerve center," which is normally the corporation's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). A limited liability company has the citizenship of each of its members. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) ("[L]imited liability companies have the citizenship of each partner or member.") (quotation marks omitted)). In this instance, no facts about the domicile of the individual defendants were stated in the complaint, the notice of removal, or the defendants' response to the order to disclose jurisdictional information. Moreover, the members of the LLC entities have not been named, and no details about their domicile or other details have been disclosed. The defendants had multiple opportunities to supply the necessary details to justify the invocation of the Court's jurisdiction, and they have failed to do so. The case therefore will be remanded to the state court.

Accordingly, it is **ORDERED** that the case is **REMANDED** to the Wayne County, Michigan circuit court.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   April 29, 2026